IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30094
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENSON WATTA WANAMBISI, a/k/a Johnstone Webi,
a/k/a "African",

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 93-CR-30045
- - - - - - - - - -
September 20, 1996
Before HIGGINNBOTHAM, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Benson Watta Wanambisi appeals the district court's sentence following remand by this court.  See United States v. Wanambisi, 94-40811 (5th Cir. July 18, 1995) (unpublished).

Wanambisi challenges the propriety of the U.S.S.G. § 3B1.1 determination concerning his role in the offense, the attribution of two kilos of heroin from the offense of conviction to the drug

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

quantity used in determining his base offense level, and the consideration of uncharged drug quantities to determine his base offense level.  Because these issues were raised and decided on the first appeal, we do not address them.  See <u>Chevron U.S.A., Inc. v. Traillour Oil Co.</u>, 987 F.2d 1138, 1150 (5th Cir. 1993).

Wanambisi raised the following issues:  1) the district court's findings lacked the necessary specificity to comply with our remand directive; 2) the drug quantities from two of Sally Trahan's overseas trips and from Peter Buentello's trip about which he testified were not relevant conduct for purposes of determining the amount of drugs properly attributable to Wanambisi; and 3) the district court clearly erred in attributing these drug quantities to Wanambisi.  We have carefully reviewed the record and the appellate arguments.  We find no error with the specificity in the district court's findings.  We find no error, plain or otherwise, by the district court attributing these drug amounts to Wanambisi as relevant conduct.  See <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), <u>cert. denied</u>, 115 S. Ct. 1266 (1995).  Moreover, the quantity of heroin found by the district court is not clearly erroneous.  See <u>United States v. Bermea</u>, 30 F.3d 1539, 1575 (5th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1113 (1995).

AFFIRMED.